EBENSTEIN AND EBENSTEIN, P.C. *v.* SMITH THIBAULT
CORPORATION
(7728)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued June 22—decision released September 19, 1989

*Lester Katz,* for the appellant (plaintiff).

*Mary A. Glassman,* with whom, on the brief, was *Allan J. Kleban,* for the appellee (defendant).

FOTI, J. The dispositive issue in this appeal is whether the trial court's order, denying the plaintiff's request for a permanent and temporary injunction to enjoin the defendant from proceeding with arbitration, was a final judgment. Because we find that the trial court's order did not constitute a final judgment, the plaintiff's appeal is dismissed sua sponte.

The facts are not in dispute. On August 13, 1987, the parties entered into a construction contract, under

which the defendant agreed to make certain improvements to the plaintiff's leased office space in Hartford. According to the contract, all claims or disputes arising out of the contract were to be resolved by arbitration. Sometime after the defendant had begun construction, a dispute arose between the parties. Pursuant to the arbitration clause, the defendant filed a demand for arbitration with the American Arbitration Association (AAA). Subsequently, the plaintiff filed two actions in Superior Court. The first alleged that the defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq. The second action, filed on November 17, 1988, sought a temporary and a permanent injunction to enjoin the defendant from proceeding with arbitration. On November 21, 1988, the defendant moved, pursuant to General Statutes § 52-409, to stay the CUTPA action pending the outcome of arbitration.[1]

On December 12, 1988, the trial court, by agreement of the parties, simultaneously considered the defendant's motion for a stay and the plaintiff's request for injunctive relief. At the outset of the hearing, the parties informed the court that they agreed that the hearing on the temporary injunction should be converted into a hearing on a permanent injunction. On December 22, 1988, the trial court granted the defendant's motion to stay the CUTPA action and denied the plaintiff's request for a temporary injunction. The court's

---

[1] "[General Statutes] Sec. 52-409. STAY OF PROCEEDINGS IN COURT. If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

memorandum of decision did not include an order on the plaintiff's request for permanent relief.

Thereafter, the parties entered into a stipulation in which the plaintiff agreed to withdraw its appeal from the trial court's order staying the CUTPA action.[2] The parties further stipulated that because they had presented all of their evidence at the prior hearing, the court's order on the temporary injunction should be considered final and thus, a denial of a permanent injunction. The trial court rendered judgment in accordance with the parties' stipulation. The plaintiff appeals from the judgment denying injunctive relief.

It is rudimentary that the right of appeal is limited to parties aggrieved by final judgments. General Statutes §§ 51-197a, 52-263; Practice Book § 4000; *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985); *State* v. *Audet,* 170 Conn. 337, 342, 365 A.2d 1082 (1976). Absent a statutory exception, an order granting or denying a temporary injunction is considered interlocutory and therefore is not an appealable final judgment. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 392, 488 A.2d 444 (1985). The parties argue that the judgment was final because it was rendered pursuant to their stipulation, which clarified their intention that the trial court's order be considered an order denying a permanent injunction. Neither the parties nor the trial court, however, can confer jurisdiction upon this court. *Stroiney* v. *Crescent Lake Tax District,* supra; *Doublewal Corporation* v. *Toffolon,* supra, 390. We must therefore determine whether the trial court's judgment denying injunctive relief was, in fact, an appealable final judgment.

[2] The parties agree that an order granting or denying an order made pursuant to General Statutes § 52-409; see footnote 1, supra; to stay proceedings pending the outcome of arbitration is not a final judgment. *Schwarzschild* v. *Martin,* 191 Conn. 316, 324, 464 A.2d 774 (1983); *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 (1961); *KND Corporation* v. *Hartcom, Inc.,* 5 Conn. App. 333, 337, 497 A.2d 1038 (1985).

This case is governed by *Doublewal Corporation* v. *Toffolon,* supra, which was cited by the parties at oral argument. According to *Doublewal,* although under certain circumstances, a temporary injunction may be transformed into a permanent injunction with the consent of the parties; see id.; *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 248–49, 440 A.2d 310 (1982); the trial court does not have the authority to render "permanent judgments on pending claims" where the pleadings are not yet closed. *Doublewal Corporation* v. *Toffolon,* supra, 391. In the present case, the record reveals that the defendant did not file an answer to the plaintiff's complaint or amended complaint either before or after the hearing or before the court rendered its judgment in accordance with the parties' stipulation. Therefore, it is evident that the pleadings were not closed. Id. Furthermore, the trial court's memorandum of decision, filed after the hearing, considered only the question of a temporary injunction.

Accordingly, in view of the incomplete pleadings, no final judgment was rendered. The plaintiff has, therefore, appealed from an interlocutory order that is not yet ripe for appellate review.

The appeal is dismissed, sua sponte, for lack of jurisdiction.

In this opinion the other judges concurred.