[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a companion case to Deasy v. Stonington Zoning Board of Appeals, D.N. 91280. The plaintiffs Michael P. Deasy and Alfred Carnot seek temporary and permanent injunctions enjoining the defendants Stonington Planning and Zoning Commission ("Commission") and Wayne Greene, Stonington CT Page 597 Zoning Enforcement Officer, from carrying out the terms of a certain cease and desist order. The cease and desist order was appealed to the Stonington Zoning Board of Appeals, which upheld the order. That decision of the Zoning Board of Appeals is the subject of the administrative appeal in the companion case, Deasy v. Stonington Zoning Board of appeals.
The plaintiffs' request for a permanent injunction is hereby denied on the ground that the pleadings between the parties are not closed, the defendants never having filed an answer to the plaintiffs' complaint, and therefore, the Court lacks authority to issue a "permanent judgment on pending claims." Ebenstein Ebenstein, P.C. v. Smith Thibault Corp.,20 Conn. App. 23, 26 (1989); see also Doublewal Corp. v. Toffolon, 195 Conn. 384, 391-92 (1985).
Further, the plaintiffs' request for a temporary injunction is denied on the grounds that plaintiffs have not proven irreparable harm and lack of an adequate remedy at law.
"A party seeking injunctive relief has the burden of proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction." Hartford v. American Arbitration Assn., 174 Conn. 472, 476 (1978). "The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." Karls v. Alexandra Realty Corp., 179 Conn. 390, 402 (1980).
In their complaint the plaintiffs allege that if the defendants continue in their efforts to interfere with and stop the activities taking place on the plaintiffs' premises, then "the plaintiffs' property rights will be irreparably harmed and the plaintiffs' have no adequate remedy at law for the determination and protection of said rights."
Connecticut General Statutes section 8-7 provides that when a party appeals to the zoning board of appeals for relief from an order of a zoning officer, the appeal "shall stay all proceedings in the action appealed from." The only exceptions to this automatic stay are when the order appealed from "prohibits further construction or expansion of a use in violation of (the) zoning regulations;" or when the zoning officer certifies to the Zoning Board of Appeals that "a stay would cause imminent peril to life or property." Connecticut General Statutes section 8-7. The plaintiffs have not shown that either of those two exceptions apply to them and, therefore, they are entitled to an automatic stay of all proceedings to enforce the defendant Zoning Enforcement Officer's cease and desist order, while their appeal is CT Page 598 pending. Therefore, no irreparable harm will result without the temporary injunction.
Further, the plaintiffs do have an adequate remedy at law available to them for determining their right to use their property in the manner described in their complaint. The remedy is to appeal to the Zoning Board of Appeals, pursuant to Connecticut General Statutes section 8-7, and thence to the Superior Court, pursuant to Connecticut General Statutes section 8-8, if necessary. In fact, that is the course that the plaintiffs have followed.
In conclusion, the plaintiffs' requests for temporary and permanent injunctions are hereby denied.
HURLEY, J.