[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE. MOTION TO STRIKE DOC. NO. 119
The plaintiffs, Middletown Commercial Associates Limited Partnership (hereafter "MCALP") and Simon Konover, filed a three complaint dated April 15, 1992 against the City of Middletown, the Middletown Parking Authority and One Court Street, Inc. The plaintiffs are partial owners in interest of a multi-story parking garage located on certain property in Middletown bounded generally by Main Street on the west, Court Street on the north, DeRoven Drive on the east, and College Street on the south. CT Page 9382 The plaintiffs seek to temporarily and permanently enjoin the defendants from closing the parking garage.
Plaintiffs assert in count six of their Amended Complaint dated August 19, 1992 that a 1963 Parking Agreement with the defendants constitutes an easement. Plaintiffs assert in the sixth count that the defendants closure of the parking garage, partial demolition of the parking garage and permanent reduction in the number of parking spaces has resulted in the interference with plaintiffs' right to exercise the easement.
A hearing on the plaintiffs' temporary injunction was held on April 14 and 27, and May 1, 1992 before Austin, J. Judge Austin denied the temporary injunction on May 4, 1992, ruling that the defendants should not be restrained from closing the multi-story parking garage and demolishing a portion of it.
The defendants, City of Middletown and the Middletown Parking Authority, filed a motion to strike dated September 3, 1992 pursuant to Practice Book Sec. 151. The defendants seek to strike the sixth count of the plaintiff's Amended Complaint dated August 19, 1992. The plaintiffs filed a memorandum of law in opposition dated September 16, 1992.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280, 281567 A.2d 1264 (1990). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987).
The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. . ." Griffin Hospital v. Commission on Hospital Health Care, 196 Conn. 451,457, 493 A.2d 229 (1985); see also, Park City Hospital v. Commission on Hospital Health Care, 210 Conn. 697, 701,556 A.2d 602 (1989). The decision to grant or deny a temporary CT Page 9383 injunction is not a final judgment upon which an appeal may be taken. Doublewal Corporation v. Toffolon, 195 Conn. 384,389, 488 A.2d 444 (1985). Where the pleadings are not closed the trial court is prohibited from rendering permanent judgments on pending claims. Id., 391-392.
A court may transform a temporary injunction into a permanent injunction by the consent of the parties; Doublewal, supra, 392, Ebenstein Ebenstein, P.C. v. Smith Thibault Corporation, 20 Conn. App. 23, 26, 563 A.2d 1044
(1989); or upon the motion of one of the parties. Dunham v. Dunham, 217 Conn. 24, 26-27, 584 A.2d 445 (1991). "A trial court may not sua sponte transform applications that request temporary injunctions into proceedings on the merits of issuance or denial of permanent injunctions." Doublewald, supra, 393.
Practice Book Sec. 4002(a) provides:
 (a) A judgment disposing of certain of the issues between the parties or of part or all of the issues between some of them in such a manner as to be final but not terminating the litigation, such as a judgment rendered pursuant to subsection (b), (c) or (d) of this rule, may be treated as final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues or as to other parties; but the party or parties may, at their option, reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes and as respects all parties; provided, in such a case that notice of such reserving of appeal shall be filed in the trial court accompanied by a certification that a copy thereof has been served on each counsel of record in accordance with the provisions of Sec. 120 within twenty days after issuance of notice of the rendition CT Page 9384 of the judgment disposing of part of the issues.
Judge Austin's May 4, 1992 decision to deny the temporary injunction was not a binding final judgment. Absent any argument from the defendant that Judge Austin's decision concerned a permanent injunction, there were no permanent judgments rendered on the merits of the pending claims. Judge Austin's determination that the parking agreement did not constitute an easement was not a binding final judgment which prohibits the plaintiffs' breach of easement action.
Notice requirements set forth in Sec. 4002(a) only concern an appeal of final judgments on issues. No final judgments may be made by a trial court in the decision to grant or deny a temporary injunction. The plaintiff did not have to comply with Sec. 4002(a) because there was no final judgment upon which an appeal may be taken. The defendants' motion to strike is denied.
WALSH, JOHN, J.