TOWN OF SOUTHINGTON ET AL. *v.*
MARY PIERCE ET AL.
(10620)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued October 26—decision released December 15, 1992

*Kenneth John Laska,* for the appellants (defendants).

*Robert A. Izzo,* with whom, on the brief, was *Mark Sciota,* for the appellees (plaintiffs).

LANDAU, J. The dispositive issue in this case is whether the trial court's ruling on the plaintiffs' writ[1] of injunction was a final judgment for purposes of appeal to this court. We hold that there was no final judgment and dismiss the appeal.

The underlying litigation arose out of efforts by the named plaintiff, the town of Southington (town), to enforce cease and desist orders directed at the defendants, Mary Pierce and Susan Segal, prohibiting them from using their property for commercial parking purposes. The town, in its complaint, alleged (1) that the subject property is located in a residential zone and thus the defendants' commercial use violates the zoning regulations of the town, and (2) that the defendants

---

[1] General Statutes § 52-471 provides: "GRANTING OF INJUNCTION. (a) Any judge of any court of equitable jurisdiction may, on motion, grant and enforce a writ of injunction, according to the course of proceedings in equity, in any action for equitable relief when the relief is properly demandable, returnable to any court, when the court is not in session. Upon granting of the writ, the writ shall be of force until the sitting of the court and its further order thereon unless sooner lawfully dissolved.

"(b) No injunction may be issued unless the facts stated in the application therefor are verified by the oath of the plaintiff or some competent witness."

There is uncertainty as to the proper terminology regarding an injunction. This statute uses the terms "writ," "application" and "motion." See Practice Book §§ 196 and 197 regarding motions. The trial court describes this action as a "motion for injunction." See footnote 2, infra. Corpus Juris Secundum defines an injunction as "a writ framed according to the circumstances of the case commanding an act which the court regards as essential to justice, or restraining an act which it esteems contrary to equity and good conscience."

have not complied with the cease and desist orders. The town sought, inter alia, a "permanent injunction barring the defendants from a commercial operation."

In their answer, the defendants admitted that they are the owners of the property and they essentially denied all other allegations. They alleged seven special defenses asserting that their use of the property is a valid nonconforming use, that the town is equitably estopped from bringing the action for injunctive relief, that the defendants are unable to comply with the cease and desist orders, and that the regulations are unconstitutional. The defendants also filed a counterclaim sounding in inverse condemnation, claiming that the town is attempting to deprive the defendants of their interests in the land without just compensation in violation of their constitutional rights. The defendants claimed money damages, costs and attorney's fees.

On August 27, 1991, the trial court granted an injunction but gave the defendants time to comply with the trial court's order.[2] The defendants filed a motion for articulation raising eleven issues for consideration. The motion for articulation requested, inter alia, that the trial court "[s]tate what is meant by 'appropriate curative action is put into effect by the appropriate zoning

[2] The trial court stated: "Since commercial parking is a use not permitted in an R-40 residential zone in which the premises are located, the motion for injunction must be granted. However, injunction is an equitable remedy. The issues involved in this case have been pending for some time. Defendants claim, in equity, that it would be difficult to prevent unauthorized parking on the subject premises and that there have been no prior efforts by either the city of Bristol or the town of Southington to enforce such prevention of parking. Some time may be necessary to enable defendants to effectively comply.

"Accordingly, the motion for injunction is granted to become effective September 30, 1991, such injunction to remain in effect until such time as appropriate curative action is put into effect by the appropriate zoning authority in Southington."

authority in Southington' " and "whether or not the Court considered the claims of the Defendants in their counterclaim and if so what did the Court find with respect to this claim." In its response to the motion for articulation, the trial court found that, except for paragraph six of the motion, further articulation was unnecessary because the court's decision was based on the threshold question of exhaustion of administrative remedies. As to paragraph six, the court found that " 'appropriate curative action' would include a zoning variance, an appropriate zone change or an agreement with the town zoning authorities modifying the existing cease and desist orders or *the temporary injunction granted.*" (Emphasis added.) Notice of this decision was issued November 25, 1991. The defendants then filed a motion for review of their motion for articulation. That motion was dismissed by this court as untimely on January 9, 1992.[3] This appeal followed.

On appeal, the defendants claim that the trial court improperly issued the injunction (1) without regard to due process because notice was not served on the defendants when the cease and desist order was issued, and (2) where there was no way for the court to enforce the injunction.

Because we conclude that the injunction issued by the trial court was a temporary injunction, there is no final judgment and the appeal is dismissed.

At oral argument, both parties, although recognizing jurisdictional considerations, sought to argue their claims. Appellate jurisdiction cannot, however, be conferred on this court by agreement. *State* v. *Curcio,* 191

[3] A motion for review must be filed within ten days from the issuance of the order sought to be reviewed. Practice Book § 4053. Notice was issued on November 25, 1991. The defendants had to file their motion for review on or before December 5, 1991. This motion for review was untimely filed on December 11, 1991.

Conn. 27, 30, 463 A.2d 566 (1983). The right to appeal is ordinarily limited to parties aggrieved by final judgments. General Statutes §§ 51-197a and 52-263; Practice Book § 4000; *State* v. *Audet,* 170 Conn. 337, 342, 365 A.2d 1062 (1976). Absent a statutory exception not relevant here,[4] "an order granting or denying a temporary injunction is considered interlocutory and therefore is not an appealable final judgment." *Ebenstein & Ebenstein, P.C.* v. *Smith Thibault Corporation,* 20 Conn. App. 23, 25, 563 A.2d 1044 (1989); see *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 392, 488 A.2d 444 (1985). Therefore, before considering the merits, we must determine whether the appeal has been taken from a final judgment. *Stamford* v. *Kovacs,* 29 Conn. App. 105, 109, 612 A.2d 1229 (1992).

"An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31; see also *Daginella* v. *Foremost Ins. Co.,* 197 Conn. 26, 30, 495 A.2d 709 (1985).

The first alternative, termination of a separate and distinct proceeding, requires that the order appealed be severable from the central cause to which it is related so that the main action can "proceed independent of the ancillary proceeding." *State* v. *Parker,* 194 Conn. 650, 654, 485 A.2d 139 (1984). A decision affecting the merits of a controversy could not be separate and distinct. Id., 653. It is clear that neither the town's claim for a permanent injunction in the complaint nor the defendants' claim for money damages in their counterclaim could go forward if we were to hold that the tem-

---

[4] Immediate review of temporary injunctions is authorized for appeals arising out of labor disputes; General Statutes § 31-118; or for appeals involving matters of "substantial public interest and in which delay may work a substantial injustice." General Statutes § 52-265a.

porary injunction could be appealed. This injunction was merely a "step along the road to a final judgment" and was not "independent of the main action." Id., 653-54; *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 (1953); *Enfield* v. *Hamilton,* 110 Conn. 319, 322, 148 A.2d 353 (1930). The first *Curcio* alternative is, therefore, not satisfied.

Nor does this interlocutory order satisfy the second *Curcio* alternative, that the rights of the parties be so concluded "that further proceedings cannot affect them." The rights of the parties in this case have not been concluded because further proceedings on the claim for an injunction and the defendants' claim for damages are bound to affect those rights. *In re Juvenile Appeal (82-AB),* 188 Conn. 557, 559, 452 A.2d 113 (1982); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965).

The nature of the injunction granted by the trial court on August 27, 1991, is unclear as to its permanency. While the town, in its complaint, requested a permanent injunction and the trial court granted an injunction, the court also gave the defendants time to comply with its order and ordered the injunction to remain in effect "until such time as appropriate curative action is put into effect by the appropriate zoning authority . . . ." What the trial court sought to accomplish in its August 27 order was made very clear in its response to the defendants' motion for articulation in which it stated, " 'appropriate curative action' would include . . . modifying the existing cease and desist orders or the *temporary injunction granted."* (Emphasis added.) Injunctions are extraordinary and harsh remedies employed by courts of equity; see *Jones* v. *Foote,* 165 Conn. 516, 521, 338 A.2d 467 (1973); *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 657, 201 A.2d 654 (1964); and the trial court, in light of the uncertainty of its origi-

nal order, clarified the nature of its ruling so that the parties would have no doubt as to its intent. Such a judgment, being interlocutory in character, does not fall within one of the narrowly defined exceptions to the general prohibition.[5]

Even if the temporary injunction were deemed to be permanent in nature, the record indicates no reason for the failure to complete the proceedings in the trial court by resolving the claim for damages on the counterclaim. The defendants did not withdraw or abandon their claim for relief. The "trial court's memorandum of decision, filed after the hearing, considered only the question of a temporary injunction." *Ebenstein & Ebenstein, P.C.* v. *Smith Thibault Corporation,* supra, 26. Therefore, failure of the trial court to resolve the defendants' claim for damages prevents the rights of the parties from being concluded since the resolution of the counterclaim is bound to affect those rights. "Because the lack of a final judgment is a jurisdictional defect, we must dismiss the appeal" for lack of jurisdiction. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985).

The appeal is dismissed.

In this opinion the other judges concurred.