## JUDITH CLINTON ET AL. *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY
### (14203)

DUPONT, C. J., and FOTI, LAVERY, LANDAU and HENNESSY, Js.

Considered January 26—decision released March 21, 1995

*Frank F. Coulom, Jr.,* in support of the motion.

*Judith Clinton,* pro se, and *Edward Clinton,* pro se, in opposition to the motion.

LAVERY, J. The plaintiffs, Judith and Edward Clinton, appeal from the denial of a motion to reconsider the trial court's denial of their motion for a temporary injunction. The defendant moves to dismiss the appeal for lack of a final judgment. We agree that the appeal must be dismissed for lack of a final judgment.

The plaintiffs are the insured under a homeowner's insurance policy issued by the defendant. They brought an action against the defendant based on allegations

that the defendant had refused to settle the plaintiffs' insurance claims, which they submitted after a fire destroyed their home. After the commencement of the action, the defendant informed the plaintiffs of its decision to terminate their homeowner's insurance coverage. The plaintiffs filed a motion for a temporary injunction seeking to enjoin the defendant from terminating the policy. After a full hearing on the motion for a temporary injunction, the trial court denied the request. The plaintiffs moved the court to reconsider its decision. The court, however, denied reconsideration. This appeal followed.

The principal purpose of a temporary injunction "is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits." *Olcott* v. *Pendleton,* 128 Conn. 292, 295, 22 A.2d 633 (1941). Our Supreme Court has consistently held that absent an applicable statutory rule to the contrary, a ruling granting, denying or dissolving a temporary injunction is not a judgment from which an appeal may be taken.[1] See, e.g., *Stamford* v. *Kovac,* 228 Conn. 95, 99, 634 A.2d 897 (1993); *Board of Education* v. *Shelton Education Assn.,* 173 Conn. 81, 88, 376 A.2d 1080 (1977); *Olcott* v. *Pendleton,* supra, 294–95. In this case, therefore, had the plaintiffs appealed from the denial of their motion for a temporary injunction, their appeal would have been dismissed.

"We can hear appeals only from final judgments; General Statutes §§ 51-197a, 52-263; Practice Book § 4000; and neither the parties nor the trial court can

---

[1] "Immediate review of temporary injunctions is authorized for appeals arising out of labor disputes; General Statutes § 31-118; *French* v. *Amalgamated Local Union 376,* 203 Conn. 624, 628 n.6, 526 A.2d 861 (1987); or for appeals involving matters of substantial public interest. General Statutes § 52-265a; *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678 n.1, 485 A.2d 1272 (1984)." *Stamford* v. *Kovac,* 29 Conn. App. 105, 109 n.4, 612 A.2d 1229 (1992), rev'd on other grounds, 228 Conn. 95, 634 A.2d 897 (1993).

confer jurisdiction upon us. *Ebenstein & Ebenstein, P.C.* v. *Smith Thibault Corporation,* 20 Conn. App. 23, 25, 563 A.2d 1044 (1989)." *Rhode Island Hospital Trust National Bank* v. *Trust,* 25 Conn. App. 28, 32, 592 A.2d 417, cert. granted, 220 Conn. 904, 593 A.2d 970 (1991) (appeal withdrawn). In this case, the plaintiffs appealed from the denial of their motion to reconsider the denial of their motion for a temporary injunction. If we were to consider the plaintiffs' appeal, we, in effect, would be allowing the plaintiffs to confer jurisdiction on this court through the filing of a motion to reconsider an underlying order that was not itself appealable. Consideration of such an appeal would encourage those parties who do not have a final judgment from which to appeal, to create for themselves a final judgment by filing a motion to reconsider.

Because the denial of the plaintiffs' motion for a temporary injunction is not an appealable final judgment, the denial of the motion to reconsider that order is likewise a nonfinal judgment. As a result, this court lacks subject matter jurisdiction over this appeal.

The defendant's motion to dismiss the appeal is granted.

In this opinion the other judges concurred.