[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Stamforo, the plaintiff in this proceeding, seeks a permanent injunction to replace a temporary injunction previously issued against the defendants, Milivoje Kovac, Sylvester Beserminji, and Lida Nosik, in relation to a violation of the Inland-Wetlands and Watercourses Act, General Statutes § 22a-36 et seq. Both the factual and procedural history of this case and the activities of each defendant are detailed in an appeal by the defendants to the Appellate Court which followed the issuance of the temporary injunction by Judge Ryan of this court. In Stamford v. Kovac, 29 Conn. App. 105, 612 A.2d 1229
(1992), the Appellate Court vacated the temporary injunction on the basis that it included mandatory relief and was therefore CT Page 3805 appealable. The plaintiff then appealed to the Supreme Court, which granted certification in 224 Conn. 916, 617 A.2d 171
(1992). In Stamford v. Kovac, 228 Conn. 95, 634 A.2d 897 (1993), the Supreme Court held that mandatory relief was proper in the context of a temporary injunction, and that Judge Ryan's order was not a final judgment and hence was not appealable. The Appellate Court then dismissed the defendants' appeal. SeeStamford v. Kovac, 33 Conn. App. 929, 637 A.2d 1426 (1994).
The case is now back before the Superior Court on the plaintiff's application for a permanent injunction. This court held a hearing at which the defendants did not appear, although their counsel did participate to the extent of cross-examining a witness for the plaintiff, but did not offer any evidence. Furthermore, the defendants have not filed a brief in opposition to the plaintiff's requested injunction.
After conducting a hearing in this case, this court sees no reason why Judge Ryan's temporary injunction should not be made into a permanent injunction at this time. The order, which was aimed at restoring certain wetlands on a lot located off Long Ridge Road in Stamford, and known as A-2, to their previous condition, is as valid now as when it was issued in October of 1990, and as amended in April of 1991.
Therefore, on the authority of General Statutes §22a-44(b), the defendants Kovac and Beserminji are ordered to do the following with respect to the subject premises: (1) remove the fill that had been illegally deposited on approximately 11,000 square feet of wetlands and return the property to its condition and grade as depicted on the 1987 site plan; (2) replant native plants in order to stabilize the property after the fill is removed; (3) regrade the lot to the original contours; and (4) replant the lot with native species of plants and shrubs to stabilize the ground and prevent run-off. If this work is not performed and completed by the defendants to the satisfaction of the plaintiff within 45 days from the date of this order, the plaintiff is authorized to perform the work itself and/or to hire a contractor, the cost of any such work is to be borne by the defendants Kovac and Beserminji, and is to constitute a lien against the subject property.
In the original temporary injunctions issued by Judge Ryan, the defendants Kovac and Beserminji were ordered to restore the property as enumerated above under a penalty of a daily fine of CT Page 3806 $250. Those fines were stayed pending the appeal, first to the Appellate Court and then to the Supreme Court, and such daily fine is now reinstated retroactive to December 7, 1993, when the Supreme Court reversed the Appellate Court and ordered the appeal by the defendants to be dismissed. The amount of that daily fine is, as of the date of this judgment, $120,500, and said daily fine will continue to accrue after the date of this judgment at $250 a day until the restorative work on the subject premises has been completed either by the defendants or by the plaintiff, said fine to also be a lien against the property. In addition, the plaintiff is awarded attorney's fees of $31,427.50, as the affidavit by Assistant Corporation Counsel Minor details over 250 hours that he has spent on this case at the reasonable rate of $125 per hour, and this amount is to be a lien against said property as well.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of April, 1995.
William B. Lewis, Judge