[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff (Access) seeks to enjoin the Defendant (Dobuzinsky) from competing with Access to perform services for two prior customers of Access, namely Serv-All Television and Yale University. Dobuzinsky was an employee officer and Director of Access. In fact he founded the company along with others. On April 9, 1999, Dobuzinsky was given notice of termination of Employment and officer status with Access (Plaintiffs Exhibit 5). Although all of his duties were terminated he was retained as a director of the company for no apparent reason or purpose. There were no restrictive covenants executed by any of the officers or employees. Further there was no claim or proof that the customers claimed to be taken away from Access were in any way protected by a customers list. CT Page 7178
At trial Access attempted to prove that Dobuzinsky stole corporate opportunities from two entities. However both entities sought the services of Dobuzinsky rather than the service of Access.
The defendant argues that Access is seeking to enforce an unenforceable covenant not to compete by disguising it as a breach of fiduciary duty to Access. There was no credible evidence produced that demonstrated that Dobuzinsky deliberately sought the business of Yale and Serv-ALL. From all the evidence adduced from trial the court concludes that both entities preferred to do business with Dobuzinsky rather than Access. A witness from Yale (Melillo) testified that he had canceled his orders with Access because of problems with a key employee of Access.
The evidence produced demonstrated that Dobuzinsky had no duty to Access to refrain from accepting business from Access customers. There was conflicting testimony of Dobuzinsky's understanding concerning his termination of all his duties with Access and in fact by proxy he orally resigned as a director.
The court agrees with the argument of the defendant that Access sought to keep Dobuzinsky as a director to act as a basis for its claim of usurpation of corporate opportunity. There was no showing that Dobuzinsky acted unfairly.
The purpose of a temporary injunction is to preserve the status quo until, upon final hearing, a court may grant full relief. City of Stamford v. Kovac, 228 Conn. 95, 1001 (1993);Clinton v. Middlesex Mut. Assurance Co., 37 Conn. App. 269
(1995). Access would be entitled to a temporary injunction if it could establish (i) that Access will likely prevail on the merits of its claim after a full trial on the permanent injunction, (ii) that, in the absence of a temporary injunction, Access will suffer irreparable harm, and (iii) that Access has no adequate remedy at law. See, e.g., Berin v. Olson, 183 Conn. 337, 340
(1981).
Access has failed to prove any of the essential elements as above outlined.
Accordingly Application for Temporary Injunction is denied.
Frank S. Meadow, Judge Trial Referee CT Page 7179