[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter before the court is a breach of contract action brought by the plaintiff against the defendant alleging several counts of breach of contractual agreements between the parties. The hearing set down for January 4, 2002 is an application for a temporary injunction and request for an attachment on real estate owned by the defendant. A review of the allegations and prayers for relief indicate that the plaintiff is looking to enjoin transfers of the defendant's property and an attachment on real estate. The court finds after review, that the plaintiff's burden of proof requires the following:
A. Insofar as the temporary injunction is concerned, the plaintiff must establish irreparable and imminent injury.
B. Lack of adequate remedy at law.
C. Likelihood of success on the merits that a balancing of the equity favoring the injunction. See Waterbury Teachers Assn. v. Freedom of information Commission, 230 Conn. 441 (1994).
Temporary injunctions are issued not because something has happened in the past, but because it is more likely than not that it will happen in the future without the injunction. See Clinton v. Middlesex MutualAssurance Co. 37 Conn. App. 269 (1995). After a review of all of the evidence presented, the court finds that the plaintiff has failed to sustain the burden of proof as to the issuance of a temporary injunction on the facts presented and denies the plaintiff's request for a temporary injunction.
The plaintiff has also in his prayer for relief requested an attachment in the sum of $400,000 against the real estate of the defendant. The Court construes that as an application for prejudgment remedy, although the plaintiff has not proceeded under the provisions 52-278d et. seq. For a prejudgement to issue, the court must determine whether there is probable cause for an attachment to issue in the amount requested. The court has reviewed all the evidence presented by the plaintiff and finds there is insufficient evidence presented to the court to find probable cause as to the merits and damages. Accordingly, the court denies the prejudgment remedy without prejudice and finds that probable cause does not exist as to the merits and damages based on the facts as presented to the court on hearing. CT Page 538
Accordingly, both prejudgment remedy applications are denied.
Kocay, J.