[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiffs instituted the present action seeking a temporary injunction to enjoin the parking of more than three vehicles on a parking easement located on property owned by the plaintiffs. In 1998 the plaintiffs purchased their property after having been tenants in the property for approximately one year. At the time of the purchase, and for many years prior thereto, the property was subject to an easement for the benefit of the adjoining property "for the purpose of parking vehicles, over and upon the forty foot by thirty foot rectangular area" designated as "parking easement" on a identified map. The easement ran in favor of the owner of the adjoining property, the named defendant, who purchased his property in 1982 or 1983. At all times since the purchase of the property by the named defendant, and for a number of years prior thereto, the property has consisted of three separate rental units. At all times while he has owned the property, there have been either four or five cars allowed to park in the designated parking area by the tenants of the named defendant. The property of the named defendant fronts on Saugatuck Avenue in Westport and is not accessible by a driveway onto that street. The property of the plaintiffs as well as the tenants of the named defendant is accessed through a long driveway from Sunrise Road. As one proceeds up the long driveway, you must pass the plaintiffs' driveway and the plaintiffs' house before reaching the easement area. At the present time, the named defendant has five tenants four of whom have been "served" with process as Jane Doe 1 and 2 and John Doe 1 and 2. The fifth tenant was intentionally was not so served.
In addition to the thirty foot by forty foot easement area, the named defendant also owns a six feet by thirty feet area adjacent to the easement area available for the parking of motor vehicles. The named defendant has advised the tenants that if any guests park in the area they should park behind the tenants vehicle and neither the tenants nor their guests can park in any on the property other area other than the designated parking easement area. There is parking available on Saugatuck Avenue on the far side of the street from the named defendant's property. In addition, the long twenty foot driveway also services another home where vehicles are parked which are not involved in the present litigation in as much as they are not claimed to be parked either in the designated easement area or on the plaintiffs' or the named defendant's property.
The plaintiffs further claim that in January, 2001 there was a possible gas leak on the named defendants property and that the Westport Fire Department was notified and the responding vehicles had difficulty gaining proximity to the premises because of the vehicles parked in the easement area. The plaintiff also claims that in July, 2001 the plaintiffs required a medical emergency and that the Westport EMS CT Page 6941 responded with a police cruiser and a paramedic unit. The plaintiffs further claim that the ambulance had difficulty in departing the premises because of the vehicles parked in the parking easement area. While there was evidence that some difficulty existed for the emergency vehicles, there was no evidence that such vehicles were unable to perform their functions or that the vehicles were unreasonably hindered in performing their functions . .
For many years the plaintiffs had parked one of their vehicles in the easement parking area although they had no right to do so and no complaint was made by the named defendant. However during the last few months the named defendant notified the plaintiff that they were not allowed to park in the designated parking area but the plaintiffs have allowed their car to remain in that area although not doing so under any claim of right.
Although there was some evidence that occasionally people would turn around in the plaintiffs driveway or "trespass" on his property there was no evidence as to which individuals turned around in the driveway or were chargeable with a trespass. After receiving complaints from the plaintiffs the named defendant did advise all his tenants to respect the plaintiffs property rights and also contacted various vendors requesting them not to turn around in the plaintiffs driveway or to trespass on their property. There has been no evidence that the vehicles of the named defendant tenants have parked in areas other than the designated easement parking area. There was evidence that using commercial size parking areas the easement area together with the defendant's own property, eight cars could be accommodated and given the size of the tenant's vehicles 10 cars could be accommodated. There was no evidence submitted as to the maximum number of vehicles which have been parked in the easement area at any one time
The plaintiffs claim that the easement has been abused and excessively burdened; that it creates a dangerous situation in that emergency vehicles do not have a reasonable and expedient access to the property; that the use of the easement was not within the reasonable expectations of the parties at the time it was created; that the intent of the easement granted to the owner was not to maintain four or more vehicles at any one time; and that the plaintiffs property rights have been impaired. Plaintiffs seek a temporary injunction prohibiting all defendants collectively, and in the aggregate from parking more than three vehicles at only one time in the easement area a temporary injunction directing the defendants from encroaching or trespassing and using the plaintiffs property as a parking area; and an injunction in directing the defendant to remove any vehicles which obstruct limit or otherwise confine access ingress and egress of emergency vehicles to the CT Page 6942 plaintiffs property.
The primary purpose of a temporary injunction is to preserve the status quo until a final determination of the parties' rights after a hearing on the merits. See Clinton v. Middlesex Mutual Assurance Co.,37 Conn. App. 269, 270 (1995). In order to obtain relief in the form of a temporary injunction, the plaintiff must show irreparable and imminent injury, the lack of an adequate remedy at law, the likelihood of success on the merits and that a balancing of the equities favors the granting of such an injunction. See Waterbury Teachers' Association v. Freedom ofInformation Commission, 230 Conn. 441, 446 (1994).
The easement in the present case was "for the purpose of parking vehicles." "Such a grant is to be construed as broad enough to permit any use which is reasonably connected with the reasonable use of the land to which it is appurtenant." Lichteig v. Churinetz, 9 Conn. App. 406, 410
(1986).
The claims by the plaintiffs that the easement has been excessively burdened; that it was not within the reasonable expectations of the parties; and that the intent of the easement was not to maintain four or more vehicles in the designated area is unsupported by the facts. At all times since the creation of the easement, four or five vehicles have been parked in the designated area for the use of the tenants in the three rental units. The use of the easement area by the named defendant and his tenants seems to be reasonable and in accordance with the language of the easement itself. The claim by the plaintiffs that the parking constitutes a dangerous situation because emergency vehicles do not have a reasonable and expedient access to the property is not supported by the facts. The only credible evidence related to the fact that there was some "difficulty." It was also difficult to find a dangerous situation at the request of the plaintiffs when they have parked and still continue to park their vehicles, not as a mailer of right, in the easement area. Plaintiffs claim that their property rights have been impaired and that others have trespassed upon their property has not been established by the facts. There has been no testimony as to who trespassed or where they trespassed or that the trespass, if it existed, was related to either the named defendant or any of his tenants. At any rate, a continued trespass by the named defendant or his tenants appears to be unlikely in the future in view of the fact that the tenants were instructed to be mindful of the property rights of the plaintiffs.
Accordingly, the application for a temporary injunction is denied.
RUSH, J. CT Page 6943