[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff instituted the present action based upon a written agreement with the defendant to have exclusive rights to install, operation and maintain public telephone booths on the defendant's premises. The plaintiff claims that the defendant breached his agreement with the plaintiff by agreeing with others to allow a public telephone booth on the premises and participated in the removal of the plaintiff's phone booths. The plaintiff initially sought monetary damages and now brings an application for a temporary injunction. The agreement between the plaintiff and the defendant contains the following provision:
 "Liquidated Damages: in the event of a breach of this agreement by the Location Owner, the purchaser or assignee of the premises before the end of the period hereof A-Tel shall recover, in addition to all other damages sustained damages for loss of profits which shall be equal to the number of weeks remaining in the unexpired term of this AGREEMENT multiplied by the average weekly gross profits."
The plaintiff presented evidence showing the removal of its phone booths. In the conversations between the plaintiff and the defendant, the defendant told the plaintiff" I don't know why you're installing it because I'm going to have it ripped right out."
The plaintiff now seeks a temporary injunction seeking to enjoin the defendant or other persons acting in concert with him, to refrain from removing, damaging, disabling, impeding the use by third parties of, or interfering with the maintenance or replacement of the plaintiff's pay telephones on the defendant's premises. "The principle purpose of a temporary injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits." (Internal quotation marks omitted.) Clinton v. Middlesex Mutual AssuranceCT Page 16576Co., 37 Conn. App. 269, 270 (1995). There is a four part test for the issuance of a temporary injunction, to wit: (1) the plaintiff has no adequate remedy at law; (2) the plaintiff will suffer irreparable injury absent an injunction; (3) the plaintiff is likely to prevail in a trial of the merits and (4) the balance of the equities favors the issuance of an injunction. See Waterbury Teachers Association v. Freedom ofInformation Commission, 230 Conn. 441, 446 (1994).
While there is evidence to establish that the defendant participated in the removal of the plaintiff's telephones, there are several reasons for not granting a temporary injunction. First, there was evidence that an employee of the plaintiff told the defendant that a competitor was out of business; second, the court believes that a suit for damages constitutes an adequate remedy; and third, the issuance of an injunction would affect rights of third parties who are not presently before the court.
Accordingly, the application for a temporary injunction is hereby denied.
RUSH, J. CT Page 16577