RHODE ISLAND HOSPITAL TRUST NATIONAL
BANK *v.* MARTIN TRUST
(9037)

DALY, O'CONNELL and FOTI, Js.

Argued November 2, 1990—decision released June 11, 1991

*Chester J. Bukowski, Jr.,* with whom, on the brief, was *Peter C. Schwartz,* for the appellant (defendant).

*Ann M. Siczewicz,* for the appellee (plaintiff).

O'CONNELL, J. The issue here is whether a prejudgment remedy (PJR) may be extended to include a temporary injunction in order to permit an appeal of the

temporary injunction under General Statutes § 52-278*l*.[1]
We hold that it cannot.

The following facts are dispositive of this appeal. The
plaintiff alleges that the defendant is indebted to it on
a guarantee agreement that pertains to the develop-
ment of certain Connecticut property. The defendant
is a New Hampshire resident who submitted to Con-
necticut jurisdiction in the guarantee agreement. The
plaintiff applied for a prejudgment attachment and also
an order to show cause why a temporary injunction
should not issue. Following a hearing, the court granted
an attachment and simultaneously granted a temporary
injunction[2] ordering the defendant to bring certain
securities into Connecticut and turn them over to a dep-
uty sheriff for attachment.[3] The defendant then filed
this appeal.

As a threshold matter it is important to note what
issue is not before us. The defendant is not asking us
to determine if the temporary injunction, considered
independently, satisfies the final judgment criteria for
appeal. Temporary injunctions generally are not appeal-

[1] General Statutes § 52-278*l* provides in pertinent part: "An order
(1) granting or denying a prejudgment remedy following a hearing under
section 52-278d or (2) granting or denying a motion to dissolve or modify
a prejudgment remedy under section 52-278e or (3) granting or denying
a motion to preserve an existing prejudgment remedy under section 52-278g
shall be deemed a final judgment for purposes of appeal."

[2] The parties refer to the injunction as a preliminary injunction. We believe
that they are referring to a temporary injunction and use that term in this
opinion. See General Statutes § 52-471 et seq.

[3] The order of the court set forth as follows: "[A] prejudgment remedy
of attachment in the sum of $7,743,955 may be granted in favor of the
plaintiff.

"The defendant is further ordered to bring into Connecticut public secu-
rities in the amount sufficient to satisfy the attachment, and private secu-
rities if the public securities do not so satisfy the attachment. These securities
are to be turned over to a Connecticut deputy sheriff for attachment in
accordance with the terms of this order."

able because they are interlocutory in nature, but an exception exists if the temporary injunction meets the requirements of a final judgment.[4] See *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 389–90, 488 A.2d 444 (1985).

PJRs, however, are immediately appealable because they are statutorily decreed to be final judgments for purposes of appeal. General Statutes § 52-278*l*. Thus, it is advantageous for the defendant to convince us that this temporary injunction is in fact a PJR, thereby gaining automatic appealability rather than attempting the more arduous task of satisfying the final judgment criteria required for a temporary injunction.

The defendant argues that the temporary injunction is appealable because, under the circumstances of this case, it is a prejudgment remedy.[5] A prejudgment remedy is not simply a judicial remedy that is issued prior to judgment. Prejudgment remedy is a statutorily defined term that is expressly limited to only (1) an attachment, (2) a foreign attachment, (3) a garnishment or (4) an action of replevin. General Statutes § 52-278a (d).[6]

---

[4] Immediate review of temporary injunctions is also authorized for appeals arising out of labor disputes; General Statutes § 31-118; *French* v. *Amalgamated Local Union 376,* 203 Conn. 624, 628, 526 A.2d 861 (1987); or for appeals involving matters of substantial public interest. *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678 n.1, 485 A.2d 1272 (1984).

[5] Although the defendant expressly stated that he is appealing *"[f]rom the court's order granting a prejudgment remedy"* (emphasis added), he does not contest the finding of probable cause for the PJR attachment. His appellate brief pertains solely to the order granting the temporary injunction.

[6] General Statutes § 52-278a provides in pertinent part: "The following terms, as used in sections 52-278a to 52-278g, inclusive, shall have the following meanings, *unless a different meaning is clearly indicated from the context:* . . .

"(d) 'Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." (Emphasis added.)

*Expressio unius est exclusio alterius.*[7] When legislation defines the terms used therein such definition is exclusive of all others. *Neptune Park Assn.* v. *Steinberg,* 138 Conn. 357, 362, 84 A.2d 687 (1951). Whether a temporary injunction should become the fifth PJR must be determined by the legislature, not this court. "Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and 'cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result.' " *Johnson* v. *Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986), quoting *Rosnick* v. *Aetna Casualty & Surety Co.,* 172 Conn. 416, 422, 374 A.2d 1076 (1977); *State* v. *Malm,* 143 Conn. 462, 467, 123 A.2d 276 (1956).

This court's refusal to expand the statutory definition of PJRs beyond those PJRs enumerated by legislation does not produce a result foreign to our jurisprudence. There are other procedures in our law that afford a party a remedy prior to the rendering of judgment (e.g., writ of Ne Exeat, temporary mandamus, and appointment of receiver). Like temporary injunctions, however, their temporal relation to the judgment does not qualify them for immediate appealability under the PJR appeal statute.

The defendant incorrectly asserts that the PJR legislation allows for hybrid remedies. In defining a PJR, General Statutes § 52-278a (d) provides in pertinent part that a PJR "means any *remedy or combination*

---

The parties properly agree that the "temporary restraining order" referred to in this statute is not relevant to this appeal. Such a temporary restraining order is a measure applicable only to the time between the issuance of a notice of hearing on a PJR and the hearing itself. See General Statutes § 52-278c.

[7] The expression of one thing implies the exclusion of another thing.

*of remedies* that enables a person *by way of attachment, foreign attachment, garnishment or replevin* to deprive the defendant in a civil action of . . . his property prior to final judgment . . . ." (Emphasis added.) It is apparent from a plain reading of this statute that the combination of remedies is limited to a combination of the four remedies set forth therein. We find no justification to construe this unambiguous statute to mean that the possible remedies that can combine to qualify as a PJR are limitless as long as one of the four statutorily defined PJRs is included in the mix. We hold that the "combination of remedies" language refers only to any combination of the four statutorily defined PJRs. Accordingly, combining a prejudgment attachment with a temporary injunction does not transform the latter into a PJR.

The defendant also argues that, because the parties and the trial court treated the injunction as an intrinsic component of the PJR, we are bound to do likewise. This argument ignores the principle that the issue before us implicates the jurisdiction of this court. We can hear appeals only from final judgments; General Statutes §§ 51-197a, 52-263; Practice Book § 4000; and neither the parties nor the trial court can confer jurisdiction upon us. *Ebenstein & Ebenstein, P.C.* v. *Smith Thibault Corporation,* 20 Conn. App. 23, 25, 563 A.2d 1044 (1989). Accordingly, the form of the PJR application and whether the court's orders granting the attachment and the temporary injunction were in fact one order or two separate orders are irrelevant because of the jurisdictional problem posed by the defendant's appeal. The treatment of these orders as a PJR by the trial court and the parties cannot circumvent this jurisdictional barrier.

The defendant's reliance on *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 356 A.2d 893 (1975), is misplaced. *Hansen* was decided shortly after the PJR stat-

utes were enacted in response to "[t]he decisions of the United States Supreme Court in *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 [1972]; *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424, rehearing denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822 [1972]; and *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 [1969] . . . ." *E. J. Hansen Elevator, Inc.* v. *Stoll,* supra, 624. As originally passed in 1973, these statutes did not include a section pertaining to appeals. Public Acts 1973, No. 73-431. In 1975, *Hansen* discussed the history of PJRs and concluded that the four statutory PJRs met the case law definition of final judgments and thus were immediately appealable. The following session of the General Assembly enacted Public Acts 1976, No. 76-401 (now General Statutes § 52-278*l*) which codified the *Hansen* holding that a PJR order granting an attachment, a foreign attachment, a garnishment or replevin was a final judgment for purposes of appeal. *Hansen* did not consider whether any other remedy should be treated as a PJR.

We conclude that the prejudgment remedy statute may not be extended to include a temporary injunction so as to permit an appeal of an injunction under the PJR appeal statute. Accordingly, this court lacks jurisdiction to review this appeal.

The appeal is dismissed.

In this opinion, DALY, J., concurred.

FOTI, J., dissenting. I must respectfully disagree with the view of the majority that we are without jurisdiction to entertain this appeal. I would conclude that jurisdiction is not lacking because the granting of the plaintiff's application for a preliminary injunction here is a final judgment within the context of General Statutes § 52-278a because it is an integral part of the prejudgment remedy.

By its complaint, the plaintiff, a Rhode Island banking institution, seeks to recover funds allegedly due it pursuant to an agreement between it and the defendant. By the agreement, the defendant, a resident of New Hampshire, guaranteed 50 percent of a promissory note from a limited partnership of which he is a partner to the plaintiff. The defendant also guaranteed, by the agreement, the payment of all interest on the note and the punctual completion of a facility being built by the partnership.

The plaintiff filed an application for the prejudgment remedy of attachment seeking an order of attachment of eleven million dollars of property belonging to the defendant. By separate request entitled "application for preliminary injunction and order to show cause" the plaintiff also sought an order compelling the defendant to bring the defendant's stock certificates in a company known as The Time Limited, Inc., into the state of Connecticut to secure the order of attachment.

The court found, after a hearing, that the loan was in default, and that the balance owed at that time was $9,641,066 plus interest of $236,820 with a per diem interest of $2,945. The defendant argued to the trial court that probable cause had not been established.[1] He further argued that his assets far exceeded the plaintiff's claim making a prejudgment remedy unwarranted, and that no equitable relief in the form of a mandatory injunction was available to the plaintiff because it was not a creditor, in that it had not yet obtained a judgment.

The court, by a single order, granted a prejudgment remedy of attachment in the amount of $7,743,955 in

---

[1] Although the defendant has appealed from the court's order granting the prejudgment remedy dated April 3, 1990, his statement of issues on appeal is limited to the mandatory injunction, and does not attack the finding of probable cause for the attachment.

favor of the plaintiff, and further ordered the defendant to bring into Connecticut and turn over to a Connecticut deputy sheriff, public securities in an amount sufficient to satisfy the attachment, and private securities if the public securities were not sufficient to satisfy the attachment.

I agree that we must first determine whether we have jurisdiction to entertain this appeal. The plaintiff argues that the appeal should be dismissed because the court's granting of its application for a preliminary injunction is not a final judgment.

Although an order granting a prejudgment remedy following a hearing is deemed a final judgment for purposes of appeal; General Statutes § 52-278d; the granting or denying of a temporary injunction, absent a statutory exception, is *generally* considered interlocutory and therefore is not an appealable final judgment; *Board of Education* v. *Shelton Education Assn.*, 173 Conn. 81, 88, 376 A.2d 1080 (1977). It is also clear that a temporary restraining order is not a prejudgment remedy. General Statutes § 52-278a (d).[2]

Neither party disputes the *general* principle that, in the absence of statutory exceptions, a decision granting a temporary injunction is not immediately appealable because it is not a final judgment. *Olcott* v. *Pendelton,* 128 Conn. 292, 295, 22 A.2d 633 (1941). "The question before us is whether the form or the content of the trial court's orders removes [this appeal] from the *general* rule." (Emphasis added.) *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 389, 488 A.2d 444 (1985).

---

[2] A prejudgment remedy is defined as any "remedy *or combination of remedies* that enables a person by way of attachment . . . to deprive the defendant in a civil action, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." (Emphasis added.) General Statutes § 52-278a (d).

A threshold question to be answered in determining whether this order is an exception to the general rule is whether the order appealed from is, in fact, one order or two separate orders for purposes of appealability. The majority contends that the attachment and the preliminary mandatory injunction are two independent orders, and that, therefore, only the attachment portion of the order may be appealed. I agree with the majority that a combination of remedies must be comprised solely of statutorily defined prejudgment remedies for the combination to qualify as a prejudgment remedy under General Statutes § 52-278a. This analysis, however, leads me to a conclusion different from that of the majority. I conclude that under these circumstances the attachment and the mandatory injunction are so mutually dependent that they form a single prejudgment remedy, an attachment.

The defendant has a right to appeal the prejudgment remedy order, but, if he can appeal only the attachment portion of the remedy, that review would be essentially an empty right because the attachment alone is a nullity unless there is something to attach.

The trial court itself, in discussing the intent behind General Statutes § 42a-8-317 (6),[3] characterized an attachment under the facts presented to be ineffectual unless accompanied by the ability to reach the defend-

---

[3] General Statutes § 42a-8-317 as pertinent provides: "CREDITORS' RIGHTS. (1) Subject to the exceptions in subsections (3) and (4), no attachment or levy upon a certificated security or any share or other interest represented thereby which is outstanding is valid until the security is actually seized by the officer making the attachment or levy, but a certificated security which has been surrendered to the issuer may be reached by a creditor by legal process at the issuer's chief executive office in the United States. . . .

"(6) A creditor whose debtor is the owner of a security is entitled to aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching the security or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by ordinary legal process."

ant's assets. The court, in its memorandum of decision, stated: "This court concludes that despite the position espoused by the defendant . . . the legislature of this state by enacting this statute specifically intended to provide a mechanism for a creditor to effect an attachment of stock certificate located in a foreign state."

To hold that the attachment and the preliminary mandatory injunction are independent orders leads to a bizarre result where the attachment is appealable, but the portion of the order which effectuated the prejudgment remedy is not. "An interpretation of a statute that would have it function in a 'difficult and possibly bizarre' fashion must be avoided. *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 593, 522 A.2d 771 (1987) . . . ." (Citation omitted.) *Ford Motor Credit Co.* v. *B. W. Beardsley, Inc.,* 208 Conn. 13, 19, 542 A.2d 1159 (1988). We must use common sense in construing a statute and assume that the legislature intended to accomplish a reasonable and rational result and to avoid absurd results; *King* v. *Board of Education,* 203 Conn. 324, 332–33, 524 A.2d 1131 (1987). It appears clear from the record that both the parties and the court considered the injunctive element a necessary part of the prejudgment remedy. The plaintiff in its trial brief described the relief requested as a prejudgment remedy consisting of an attachment and an injunction, and at the hearing the plaintiff's counsel stated: "We are conditioning the attachment with an injunction."

The plaintiff's position both at trial and on appeal is that the injunction is an essential and inseparable portion of the prejudgment relief since it could not attach the securities unless they were first transported into this state. Further, the plaintiff's application for prejudgment remedy specifically refers to its application requesting the court to compel the defendant to bring certain stock certificates into this state, and its

application for preliminary injunction states that "[s]aid preliminary injunction is required in order to reach securities that could not otherwise be attached or levied upon and to aid the court's jurisdiction in securing a proper prejudgment remedy against the defendant."

The court treated the mandatory injunction as an integral part of the prejudgment remedy as is evident by the order. The court did not intend to grant relief in the form of a "temporary restraining order" but rather the court's reasoning is that General Statutes § 42a-8-317 (6) is a necessary and appropriate mechanism by which to effectuate an attachment under the particular facts of this case. This order in the form of a temporary mandatory injunction is an integral part of the prejudgment remedy. The form and content of the order remove this appeal from the general rule. Cf. *Doublewal Corporation* v. *Toffolon,* supra. I must therefore conclude that this appeal was taken from a judgment deemed to be final and appealable under General Statutes §§ 52-278d and 52-278a (d). The defendant is thus entitled to review of the merits of his appeal which I now address.[4]

The defendant first argues that the court's order to compel is improper in that that court lacked jurisdiction over his out-of-state securities because the plaintiff is not a creditor of his under General Statutes § 42a-8-317. He claims that since the statute must be confined to its terms and made applicable only to creditors, the plaintiff, a litigating party at the outset of this lawsuit, is a mere claimant, not yet found to be a creditor by virtue of a rendered judgment.

The defendant's contention presupposes the meaning of the term "creditor" in General Statutes § 42a-8-317 (6) to mean "judgment creditor." I do not

---

[4] See *State* v. *Figueroa,* 22 Conn. App. 73, 83, 576 A.2d 553 (1990) (*Lavery, J.,* dissenting).

agree. A judgment creditor is merely one category of creditor. Creditor is defined in the Uniform Commercial Code: " 'Creditor' includes a general creditor, a secured creditor, a lien creditor and any representative of creditors, including an assignee for the benefit of creditors, a trustee in bankruptcy, a receiver in equity and an executor or administrator of an insolvent debtor's or assignor's estate." General Statutes § 42a-1-201 (12). By the express terms of the statute, remedy afforded by General Statutes § 42a-8-317 (6) is available to all creditors and is not limited to judgment creditors.[5]

The defendant next claims that the court's order to compel is improper because the record fails to demonstrate that damages would not be an adequate remedy or that the plaintiff would be irreparably harmed if the order did not issue.

To obtain temporary injunctive relief the plaintiff must establish that protectable interests are at stake, that it will prevail, to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction, and also irreparable injury and lack of an adequate remedy at law. *Covenant Radio Corporation v. Ten Eighty Corporation,* 35 Conn. Sup. 1, 3, 390 A.2d 949 (1977). "The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. *Deming* v. *Bradstreet,* 85 Conn. 650, 659, 84 Atl. 116 [1912]. In deciding whether it should be granted . . . the court is called upon to balance the results which may be caused to one party or the other,

---

[5] General Statutes §§ 49-86 and 49-89 demonstrate by their language that one may be a creditor without first having judgment rendered in his favor. Also General Statutes § 52-285 provides that unless the requirements for the recording of a certificate of attachment are followed "such estate shall not be held against any other creditor" which also shows that one may be a creditor prior to judgment.

and if it appears that to deny . . . it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting . . . it, unless indeed, it is very clear that the plaintiff is without legal right." *Olcott* v. *Pendelton,* supra.

The court must consider the probable outcome of the litigation, and whether an irreparable loss will result unless the status quo is preserved. "These considerations involve essentially the application of familiar equitable principles in the context of adjusting the rights of the parties during the pendency of litigation until a final determination on the merits." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 196 Conn. 451, 458, 493 A.2d 229 (1985).

The court, after a finding of probable cause, effectuated the plaintiff's right of attachment, by the order to compel,[6] recognizing that without that injunctive relief the plaintiff's right of attachment would be meaningless. The prejudgment remedy of attachment provides necessary security for the creditor by protecting it from the uncertainties of future events. The defendant's present ability to satisfy his probable present debt is the status quo that must be maintained for the prejudgment remedy to be meaningful. The court properly concluded that the plaintiff could be irreparably harmed unless it was allowed to secure the defendant's property because property that is here today may be gone tomorrow.

The defendant argues that an equitable remedy is inappropriate in this case because there is a sufficient remedy at law. Although money damages would be a

---

[6] Because I have concluded that the court had the statutory authority to compel the defendant to deliver his out-of-state securities into Connecticut in order to effectuate the prejudgment attachment, there is no need to discuss the court's inherent power to act in this regard.

sufficient remedy in this case, and the defendant maintains a net worth several multiples in excess of the requisite amount, there is no assurance that a judgment obtained against the defendant would not be valueless. Only present security for the enforceability of that probable future judgment ensures the purpose of the prejudgment remedy to preserve the status quo.

I would, in sum, conclude that this appeal was taken from a final judgment, and affirm the judgment on the merits.