[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7477
The above two captioned actions have been consolidated as they both involve applications by the defendant, IMRS, Inc. (IMRS), now known as Hyperion Software, Inc. (Hyperion), for permission to build a two story addition to a building it recently purchased at 900 Long Ridge Road, Stamford. IMRS applied to the defendant, Zoning Board of the City of Stamford (Board), for a change in the zoning regulations pertaining to the C-D Designated Commercial District, in which the subject premises is located, to permit a height of four stories. This defendant also applied at the same time for site plan approval for a four story building. Both applications were granted, and the plaintiffs, Eugene W. Bilik and Doris L. Bilik, who live in a single family home in a residential zone adjacent to the subject premises, have appealed to this court both the change in the zoning regulations to permit four stories instead of the three and a half that were previously authorized, and the approval of the site plan containing a proposed two story addition.
On June 13, 1995, IMRS commenced construction of the two-story addition to the subject building in accordance with a building permit based on the change in the zoning regulations and the site plan approval that it had obtained from the Board. On June 23, 1995, the plaintiffs obtained anex parte temporary restraining order enjoining further construction, and the issue at this time is whether this temporary restraining order should be continued or vacated and dissolved. General Statutes § 8-8(g) provides that an appeal from a decision of a municipal zoning agency does not automatically stay its actions. Rather, an adverse party must apply for a restraining order or stay, as the plaintiffs did in this case.
As was made abundantly clear at the hearing concerning the issue of whether to dissolve the temporary restraining order, a successful applicant to a zoning board, such as IMRS, proceeds at its peril in undertaking construction while an appeal is pending. IMRS, however, understands the risk that the addition might have to be torn down, but nevertheless desires to continue the construction of the two-story addition which began on June 13, 1995.
The criteria for the issuance of a temporary injunction, General Statutes § 52-471 et seq., have been set forth in a number CT Page 7478 of cases. The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. . . ." Griffin Hospital v.Commission on Hospitals Health Care, 196 Conn. 451, 457,493 A.2d 229 (1985). The applicant for a temporary injunction has the burden of showing "a reasonable degree of probability of success. . . ." Id. In addition, a court must "balance the results which may be caused to one party or the other. . . ." (Emphasis in original.) Id. "The need to show an irreparable loss unless the status quo is preserved has also been often mentioned." Id., 458. According to Berin v. Olson, 183 Conn. 337,340, 439 A.2d 357 (1981): "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.) The dissent in an Appellate Court decision summarized the criteria for the issuance of a temporary injunction as follows: "the plaintiff must establish that protectable interests are at stake, that it will prevail, to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction, and also irreparable injury and lack of an adequate remedy at law . . . . The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after hearing on the merits . . . . In deciding whether it should be granted . . . the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny . . . it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting . . . it, unless indeed, it is very clear that the plaintiff is without legal right . . . . The court must consider the probable outcome of the litigation, and whether an irreparable loss will result unless the status quo is preserved." (Citations omitted, internal quotation marks omitted.) RhodeIsland Hospital Trust National Bank v. Trust, 25 Conn. App. 28,39-40, 592 A.2d 417 (1991).
Based on these standards, the court finds that the issuance of a temporary injunction is not warranted because the plaintiffs have not satisfied their burden of showing probable success on the merits. They claim that the amendment to the zoning regulations is void for vagueness because it provides that a four-story building in the C-D Design Commercial District must be "appropriately screened from adjacent residentially zoned land by landscaped treatment and topography, as determined by the Zoning Board." It is this court's opinion that this standard is not CT Page 7479 unconstitutionally vague. The case cited by plaintiffs for this proposition is Kelley Property Development, Inc. v. LebanonPlanning and Zoning Commission, 3 Conn. L. Rptr. 106 (January 14, 1991, Walsh, J.), but this case involved open space requirements for a subdivision. It was determined, on the authority of SowinAssociates v. Planning and Zoning Commission, 23 Conn. App. 370, consider the probable outcome of the litigation, and whether an irreparable loss will result unless the status quo is preserved." (Citations omitted; internal quotation marks omitted.) RhodeIsland Hospital Trust National Bank v. Trust, 25 Conn. App. 28,39-40, 592 A.2d 417 (1991).
Based on these standards, the court finds that the issuance of a temporary injunction is not warranted because the plaintiffs have not satisfied their burden of showing probable success on the merits. They claim that the amendment to the zoning regulations is void for vagueness because it provides that a four-story building in the C-D Design Commercial District must be "appropriately screened from adjacent residentially zoned land by landscaped treatment and topography, as determined by the Zoning Board." It is this court's opinion that this standard is not unconstitutionally vague. The case cited by plaintiffs for this proposition is Kelley Property Development, Inc. v. LebanonPlanning and Zoning Commission, 3 Conn. L. Rptr. 106 (January 14, 1991, Walsh, J.), but this case involved open space requirements for a subdivision. It was determined, on the authority of SowinAssociates v. Planning and Zoning Commission, 23 Conn. App. 370,376, 580 A.2d 91 (1990), that a requirement that the amount and type of open space would rest solely in the discretion of the defendant commission was too general and failed to contain known and fixed standards. This is understandable, as otherwise a zoning authority could insist that any percentage of the property it wished be dedicated to open space. In the present case, however, it appears that the phrase "adequate screening" is as fixed and definite as is possible. It was further noted that the term "appropriate", with respect to screening, is contained in other portions of the Stamford Zoning Regulations, and that the standards for site plan approval also refer to appropriate screening. It appears that anything more precise than "appropriate" as pertaining to screening is well nigh impossible. Thus, the probability of success on the merits does not lie with the plaintiffs.
With respect to the claim that site plan approval was premature as it occurred before the effective date of the change CT Page 7480 in the ordinance, permitting a fourth floor in the C-D zone, the building permit actually authorizing construction was issued after such date, and the plaintiffs have not shown that they probably will be successful in their contention. Other standards involving the issuance of a temporary injunction are balancing of the equities, hardship to the competing parties, the threat of irreparable injury to the party seeking a temporary injunction, and the lack of an adequate remedy at law. The plaintiffs contend that they have been mightily bothered by the noise from the construction of the two additional stories to the building in question. The defendants point out that IMRS had the right under the former zoning regulations to build three and one-half stories, which would have caused construction noises. IMRS offered testimony that it has some five hundred employees temporarily lodged in premises which must be vacated by the end of October of this year. A delay in constructing the two-story addition is costly in that IMRS has no place to locate its five hundred employees at the end of October. Thus, under the balancing of the equities test, the damage to the defendant IMRS from a delay in construction and in occupying the subject premises outweighs any benefits to the plaintiffs from the continued prohibition of continuing construction.
The evidence at a full hearing on the merits may, of course, produce a different result, but employing the tests of probable success and balancing the equities at this state of the proceedings leads the court to conclude that the issuance of a temporary injunction is contraindicated. The status quo should be maintained until a full hearing on the merits of a permanent injunction can be scheduled. "The office of a preliminary injunction is to preserve the status quo . . . . The status quo, for these purposes, has been defined as the last, actual, peaceable, noncontested condition which preceded the pending controversy." (Citations omitted, internal quotation marks omitted.) Stamford v. Kovac, 228 Conn. 95, 101-02, 634 A.2d 897
(1993). Maintaining the status quo in this case means permitting IMRS to continue construction of its two story addition.
Therefore, the temporary restraining order issued on June 13, 1995 is vacated, and IMRS may proceed, albeit at its own peril in the event that the decisions of the Board are ultimately reversed, to continue the construction of its proposed two story addition at 900 Long Ridge Road.
So Ordered. CT Page 7481
Dated at Stamford, Connecticut, this 5th day of July, 1995.
William B. Lewis, Judge