[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 700 Canal Street Associates, Inc. (700 Canal), seeks a preliminary injunction ordering the defendants, 860 Canal Associates, LLC. (860 Canal) and A. M. Realty Management Corp. (A. M. Realty) to take down a chain link fence that the defendants constructed in March of 1985, on the line dividing property owned by the plaintiff at 700 Canal Street, Stamford, and property owned by the defendant, 860 Canal (hereinafter referred to as the defendant) at 860 Canal Street. The plaintiff claims that the fence prevents it from exercising certain easement rights it allegedly possesses over and through the defendant's adjacent property at 860 Canal Street. The defendant claims that the plaintiff is not entitled to a mandatory injunction ordering the removal of the fence because it had the right to erect such fence in order to prevent 760 Canal from improperly attempting to utilize parking on the adjacent premises owned by the defendant.
The criteria for the issuance of a temporary injunction, General Statutes § 52 471 et seq., have been set forth in a number of cases. The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits . . . ." GriffinHospital v. Commission on Hospitals Health Care, 196 Conn. 451,457, 493 A.2d 229 (1985). The applicant for a temporary injunction has the burden of showing "a reasonable degree of probability of success . . . ." Id. In addition, a court must "balance the results which may be caused to one party or the other." Id. "The need to show an irreparable loss unless the status quo is preserved has also been often mentioned." Id., 458. According to Berin v. Olson, 183 Conn. 337, 340, 439 A.2d 357
(1981): "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.) The dissent in an Appellate Court decision summarized the criteria for the issuance of a temporary injunction as follows: "the plaintiff CT Page 355 must establish that protectable interests are at stake, that it will prevail, to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction, and also irreparable injury and lack of an adequate remedy at law. . . . The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after hearing on the merits. . . . In deciding whether it should be granted . . . . the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny . . . it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting . . . it, unless indeed, it is very clear that the plaintiff is without legal right. . . . The court must consider the probable outcome of the litigation, and whether an irreparable loss will result unless the status quo is preserved." (Citations omitted; internal quotation marks omitted.) Rhode Island Hospital Trust NationalBank v. Trust, 25 Conn. App. 28, 39-40, 592 A.2d 417 (1991).
This analysis begins with the deed by which 700 Canal obtained title to its property at 700 Canal Street. On November 9, 1987, Mercedes Plaza Enterprises, a partnership of two brothers, Nicholas J. Mercede and Frank Mercede, Jr., which ultimately dissolved because the brothers no longer could work together, and owned both 700 Canal Street and 860 Canal Street, conveyed 700 Canal Street to Nicholas J. Mercede and Frank Mercede, Jr., as grantees. On that same date, by a warranty deed, Frank Mercede, Jr. conveyed or released his interest in this property to Nicholas J. Mercede as grantee. These conveyances included certain easements and rights of way over 860 Canal Street, the adjoining property to the south, currently owned by the defendant. By deed dated December 18, 1991, Nicholas J. Mercede conveyed 700 Canal Street to the plaintiff corporation. This deed, which is the basis for the plaintiff's application for a temporary injunction, contained the same easements and rights that were set forth in the 1987 deeds. Whether a temporary injunction should be issued depends on the wording and meaning of these easements and rights of way which, accordingly, are set out in full below.[1]
The plaintiff interprets these rights as affording it access to the property at 860 Canal Street which is being thwarted by the new fence constructed by the defendant. The defendant asserts that the only right that the plaintiff has is to the marina it owns and to 25 parking spaces used in conjunction with that CT Page 356 marina, both of which are located south of the plaintiff's property and the new fence, and which abut the defendant's property. This marina and its parking spaces were leased in 1990 by Nicholas J. Mercede to Harbor Square, Inc., which currently operates the marina. The defendant further claims that the fence is necessary because tenants at the office building at 700 Canal were parking on its property despite its request to 700 Canal to refrain from such use because such parking was not allowed. The defendant also argues that it is not blocking access to the marina and its parking because there are two entrances to 860 Canal Street from Ludlow and Canal Streets. While the defendant agrees that along with construction of the fence it began to control access to these entrances, it also claims that it never blocked anyone's access to the marina, and no evidence to the contrary was presented at the hearing on the plaintiff's application. Thus, although ostensibly, this controversy appears to involve the construction of a deed, it is really about parking. Over the past years, tenants of the office buildings at 700 Canal Street, which include a restaurant, parked on premises belonging to the defendant. This parking is no longer possible because of the fence and the controlled accessways to 860 Canal street. As a result, the tenants of 700 Canal Street are experiencing difficulties finding parking. The plaintiff claims that in addition to being entitled to pass over the property at 860 Canal Street, it also has a right to 25 parking spaces on the defendant's property in addition to the 25 marina parking spaces. The defendant contends that tenants, both present and prospective, of its office building located at 860 Canal Street need all the parking on its property, and that the plaintiff has no entitlement thereto.
The real issue in this case is whether the plaintiff's rights over 860 Canal Street are confined to the use of parking at the marina, or are broader and hence have been unlawfully interfered with the by the defendant's fence and controlled accessways.
The standard for the interpretation of deeds was summarized in Hare v. McClellan, 234 Conn. 581, 593-94, 662 A.2d 1242 (1995) as follows: "In construing a deed, a court must consider the language and terms of the instrument as a whole . . . . Our basic rule of construction is that recognition will be given to the expressed intention of the parties to a deed or other conveyance, and that it shall, if possible, be so construed as to effectuate the intent of the parties . . . . In arriving at the intent expressed . . . in the language used, however, it is always CT Page 357 admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence . . . . The construction of a deed in order to ascertain the intent expressed in the deed presents question of law and requires consideration of all its relevant provisions in the light of the surrounding circumstances . . . ." (Citations omitted; internal quotation marks omitted.)
For the following reasons, the court finds that the plaintiff has not shown "a reasonable degree of probability of success."Griffin Hospital v. Commission on Hospitals Health Care, supra,196 Conn. 457. Frank Mercede, Jr. testified that his intent in signing the deed to 700 Canal Street to his brother, Nicholas J. Mercede, was to afford that property access to the marina and its 25 parking spaces, but not unfettered accessway to 860 Canal Street. Furthermore, in 1990, the two brothers signed a "Settlement Agreement" which purported to include an "amendment" to the existing easement, in which Frank Mercede Jr. agreed not to construct a fence along the 700 and 860 Canal Street property line. This amendment, however, was never signed, or at least a signed copy was never offered in evidence at the hearing on the application for a temporary injunction. It can be inferred that the purpose of the document was to prevent Frank Mercede, Jr. and the defendant from constructing a fence, a right which they previously possessed, but simply had never exercised until March, 1995.
In addition, the day before the hearing began in May, 1995, the plaintiff and Harbor Square, Inc. amended the language of the lease documents relating to the marina, to provide that the easement for parking for the marina be expanded so that these 25 spaces could be used by anyone. An inference can be drawn that prior to this amendment, it was understood that the 25 spaces were solely for marina use, as the defendant contends. Moreover, the language of the deed referring to passing over parcels or easements A and B on the defendant's property and other accessways is most logically interpreted as permitting limited access over 860 Canal Street for the marina and its parking, rather than the contrary interpretation urged by the plaintiff, which claims that the deed affords the plaintiff unlimited access over the defendant's property. The plaintiff's theory appears to contradict the 1987 breakup of the brothers' partnership, which was aimed at dividing up its holdings among the partners. With the exception of the marina, owned by the plaintiff but abutting CT Page 358 the defendant's land, there would not be any readily discernible reason for the defendant to afford the plaintiff an unfettered right to pass over the property retained by the defendant, or to have any additional parking other than that required by the marina.
Of course, after discovery and a full trial, the plaintiff may be able to persuade the trier that its interpretation of the deed is more sound, and that it will ultimately prevail, but at this juncture of the case, the plaintiff has not been able to demonstrate probable cause that it will do so for the reasons stated above. Accordingly, the application for a temporary injunction is denied.
Dated at Stamford, Connecticut, this 2 day of January, 1996.
William B. Lewis, Judge