[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Town of Wilton and its Planning and Zoning Commission seek a temporary injunction against the defendant alleging that he has improperly stored items and materials on his property at 963 Danbury Road, Wilton, Connecticut in violation of the Town's zoning regulations and an order issued by the Town's Zoning Enforcement office, John Koster.
The evidence and the testimony of all witnesses clearly establish that the defendant is storing rolling stock, construction equipment and materials, logs, storage containers on his property at 963 Danbury Road in Wilton. The evidence also establishes that the defendant purchased this property in 1972 and has continuously used the property in a similar fashion from that date to the present time. The defendant offered testimony himself that he went to the Town Planner when he purchased the property and was informed that a contractor's yard was a permissible use under the Wilton regulations. It was not until April, 1995, when a neighbor complained that the town sought any enforcement for the claimed illegal use of this property by the defendant.
The criteria for the issuance of a temporary injunction General Statutes § 52-471 et seq., have been set forth in a number of cases. The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits . . ." GriffinHospital v. Commission Hospitals and Health Care, 196 Conn. 451,457, 493 A.2d 229 (1985). The applicant for a temporary injunction has the burden of showing "a reasonable degree of probability of success. . . ." Id. In addition, a court must "balance the results which may be caused to one party or the other." Id. The dissent in an Appellate Court decision CT Page 5284-NNNNNNNN summarized the criteria for the issuance of a temporary injunction as follows: "the plaintiff must establish that protectable interests are at stake, that it will prevail to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction and also irreparable injury and lack of an adequate remedy at law . . . Rhode Island HospitalTrust National Bank v. Trust, 25 Conn. App. 28, 39-40,592 A.2d 417 (1991).
This court finds that the evidence is in conflict and that the plaintiff has failed to prove that it will prevail with reasonable certainty. Therefore, the court denies the plaintiffs' application for a temporary injunction. It also orders the matter to be heard within 60 days of this date.
BY THE COURT,
GROGINS, JUDGE.