[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Presence Studios Westport, seeks a temporary CT Page 229 injunction ordering the defendants, The Bridge Cafe (Cafe) and Waldman Associates Limited Partnership, to cease using the cooking facilities at a restaurant operated by the Cafe. The plaintiff claims that the restaurant's kitchen exhaust system is emitting foul-smelling cooking odors. The plaintiff, according to the complaint, is "in the business of providing high-end recording, production and studio services and facilities," and leases premises at 13B Riverside Avenue in Westport, adjacent to the restaurant known as the Bridge Cafe. This restaurant, which is operated by the defendant Cafe in a building owned by the defendant Waldman Associates Limited Partnership, is located at 5 Riverside Avenue, Westport.
The plaintiff claims that its facility is subject to frequent cooking odors, such as fish, garlic, onions and grease smells, from the adjacent restaurant, and that these odors are adversely affecting its business and causing a loss of clients. The plaintiff alleges that it is suffering an irreparable injury for which it does not have an adequate remedy at law. The plaintiff also claims that these odors, as well as accompanying smoke and dust, constitute a nuisance and a violation of section 32-7 of the Westport Zoning Regulations, which prohibits any use of property that is noxious, offensive and objectionable because of odors, smoke and dust.
The defendant Cafe contends that the granting of the plaintiff's application would effectively close down the restaurant because it cannot operate without cooking. According to the Cafe, "[i]t, like all establishments engaged in food preparation, necessarily emits some odors. There is no evidence, however, that those odors are unusual, noxious or even unpleasant."
The criteria for the issuance of a temporary injunction under General Statutes § 52-471 et seq. have been set forth in a number of cases. The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits . . . ." GriffinHospital v. Commission on Hospitals Health Care, 196 Conn. 451,457, 493 A.2d 229 (1985). The applicant for a temporary injunction has the burden of showing "a reasonable degree of probability of success . . . ." Id. In addition, a court must "balance the results which may be caused to one party or the other." Id. "The need to show an irreparable loss unless the status quo is preserved has also been often mentioned." Id., 458. CT Page 230 According to Branch v. Occhionero, 239 Conn. 199, 207,681 A.2d 306 (1996): "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.)
The dissent in an Appellate Court decision summarized the criteria for the issuance of a temporary injunction as follows: "the plaintiff must establish that protectable interests are at stake, that it will prevail, to a reasonable certainty, subsequent to a final hearing on its application for permanent injunction, and also irreparable injury and lack of an adequate remedy at law . . . . The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits . . . . In deciding whether it should be granted . . . . the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny . . . it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting . . . it, unless indeed, it is very clear that the plaintiff is without legal right . . . . The court must consider the probable outcome of the litigation, and whether an irreparable loss will result unless the status quo is preserved." (Citations omitted; internal quotation marks omitted.) Rhode Island Hospital Trust NationalBank v. Trust, 25 Conn. App. 28, 39-40, 592 A.2d 417 (1991).
Taking up first the issue of "probability of success," the plaintiff has adequately demonstrated that its recording facility is in fact impacted by periodic cooking odors, although several town officials testified that when they went to the premises they were unable to discern any such odors.[1] Whether these odors are in fact emanating from the defendant Cafe's restaurant is more problematic. The plaintiff did not offer any expert testimony to this effect although a firefighter, while on the roof of the plaintiff's premises, noticed a smell of fish, and saw a puff or cloud of smoke exit the defendant Cafe's kitchen exhaust system and travel toward the plaintiff's HVAC intakes. A full trial is required to more fully develop the nexus between the odors and the kitchen at the Cafe, because, as argued by the defendants, there are a number of other restaurants and a great amount of traffic in the immediate vicinity.
The next issue is the so-called balancing of the equities. To deny the plaintiffs application would mean that the plaintiff would have to continue doing business, albeit under less than CT Page 231 optimum circumstances, until its case for a permanent injunction could be heard on the merits. To grant the application would mean that the defendant Cafe's restaurant business would have to be closed down.
After discovery and a full trial, the plaintiff may well be able to prevail by persuading the trier of fact that it is being damaged by odors emanating from the Cafe's kitchen and that it is suffering irreparable injury and is without an adequate remedy at law. However, at this juncture of the case, the plaintiff has not satisfied the standards for the issuance of a temporary injunction, and its application seeking such relief is denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of January, 1997.
William B. Lewis, Judge